[Crim. No. 3068. Second Appellate District, Division Two.—March 16, 1938.]

THE PEOPLE, Respondent, v. WOODROW W. HARVEY et al., Appellants.

Woodrow W. Harvey and Frederic H. Vercoe, Public Defender, for Appellants.

U. S. Webb, Attorney-General, Alberta Belford, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

McCOMB, J.—Defendants were convicted after trial by the court without a jury of attempted grand theft. Defendant Cole appeals from the judgment and order denying his motion for a new trial, while defendant Vanatta appeals solely from the judgment of conviction.

Viewing the evidence most favorable to the prosecution (respondent), the facts in the instant case are:

August 22, 1937, about 1 A. M., Mr. Rosenbaum parked his automobile in front of his home in the city of Los Angeles, and, as he stepped from it, defendant Cole yelled at him, "Let me see your driver's license." Mr. Rosenbaum asked defendant Cole why he wanted to see his license. He replied that he wanted to check to see if the automobile belonged to Mr. Roscnbaum. He further stated he was an officer, and on being asked to produce his badge pulled a flashlight from his pocket and held it in front of Mr. Rosenbaum's face in such a manner that he could not see. As Mr. Rosenbaum started backing away from defendant Cole into the street, this defendant said, "I've got you covered. Don't you run; I'll shoot you and might kill you." As he made this statement he placed his right hand in his coat pocket. At this juncture an automobile approaching in the street stopped and defendant Cole left the scene.

Defendant Vanatta stated to a police officer some hours later that he and his codefendant had held up a couple of automobiles early in the evening.

A.

Each defendant urges reversal of the judgment on the ground that *the evidence is insufficient to sustain the judgment.* We have examined the record and find there was substantial evidence considered in connection with such inferences as the trial judge may have reasonably drawn from the facts set forth above to fully justify the trial court in finding that defendant Cole committed the crime of attempted grand theft on August 22, 1937.

With reference to defendant Vanatta we find a different situation. There is a paucity of evidence in any way connecting him with the offense of which he was convicted. Mr. Roscnbaum testified that at the time he was stopped by defendant Cole there was no other person present and in addition that the first time he saw defendant Vanatta was later in the custody of police officers. Therefore, the sole testimony of an incriminating nature against defendant Vanatta was his statement to the police officers that during the evening of August 22, 1937, he in company with his codefendant had attempted to hold up several automobiles. This evidence is obviously totally insufficient to sustain the charge of attempted grand theft from Mr. Rosenbaum. For aught that appears at the time of the transaction described above

defendant Vanatta may have been in the custody of the police officers.

As the judgment against defendant Vanatta must be reversed for the foregoing reasons, it is unnecessary for us to consider the other contentions advanced by him.

B.

Defendant Cole relies for reversal of the judgment on this additional proposition:

*The corpus delicti of attempted grand theft was not established.*

This proposition is untenable. To constitute the *corpus delicti* of grand theft there must be (1) a person from whom the property may be taken, (2) an intent to take such property against the will of the owner, and (3) an act performed tending to accomplish the foregoing. (*People* v. *Paluma,* 18 Cal. App. 131, 132 [122 Pac. 431].)

It is likewise settled that if the actual transaction has commenced which would have ended in the crime if not interrupted there is clearly an attempt to commit the crime. (*People* v. *Paluma,* 18 Cal. App. 131, 133 [122 Pac. 431.].)

It is apparent from an examination of the facts stated above that all of the necessary elements to establish the *corpus delicti* of the crime of attempted grand theft were present in the instant case.

The judgment relative to George Vanatta is reversed.

The judgment and order as to defendant Cole are and each is affirmed.

Crail, P. J., and Wood, J., concurred.